IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

URSULA LENHARDT,

           Plaintiff,

vs.                                                 Case No. 18-4151-SAC-KGG

CITY OF MANKATO, KANSAS, et al.,

           Defendants.

MEMORANDUM AND ORDER

On January 3, 2019, Magistrate Judge Gale filed his order that addressed the *pro se* plaintiff Ursula Lenhardt's pending application and motions. ECF# 7. Ms. Lenhardt's application to proceed with prepayment of fees and costs or *in forma pauperis* ("ifp") was granted. *Id.* Her motion for appointment of counsel was denied on a finding that the case did not involve unusually complex factual or legal issues. *Id*. The Magistrate Judge then looked to the court's statutory authority to determine and dismiss an ifp action for failure to state a claim on which relief can be granted, 28 U.S.C. § 1915(e)(2)(B)(ii). He included a report and recommendation for dismissal of the plaintiff's complaint for failure to state a claim upon which relief may be granted. *Id*. He specifically found:

> Plaintiff brings claims for nuisance and trespassing resulting from an allegedly unpermitted five-hour go-cart rally that occurred on the property adjacent to hers. Plaintiff contends that these events "contaminated [her]entire back-yard for the next 2 decades," destroying a "white truffle grove and valuable organic herbs." (Doc. 1, at 3-4.) Plaintiff's claims are brought against the City of Mankato, Kansas (for allegedly failing to stop the race, as well as several

1

> individual Defendants, all of whom are, like Plaintiff, residents of the state of Kansas.
>
> The Court finds that plaintiff's claims are futile because she has failed to state a claim for which relief can be granted in federal court under the facts alleged. Simply stated, the causes of action do not arise under federal law. Further, Plaintiff, who resides in Kansas, has failed to establish diversity jurisdiction as to the named Defendants, all of whom are residents of Kansas, also. The undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety.

ECF# 7, at pp. 8-9. The district court will make a *de novo* determination of the issues to which the plaintiff objects. Fed. R. Civ. P. 72(b)(2).

The plaintiff's complaint alleges two separate actions against the defendants. First, she asserts "torts to the land," specifically "nuisance and trespassing" caused by her neighbors holding "an unpermitted go-cart-rally in their backyard" for "five hours" on July 28, 2018[1]. ECF# 1, p. 3. She alleges the emissions from this rally damaged organic herbs and truffles growing in her backyard. She alleges that prior to the go-cart rally, she submitted to the City of Mankato a petition dated July 14, 2018, that opposed the location of go-cart rally. The petition is an exhibit that indicates it was signed by the plaintiff and four other residents. ECF# 1-1. She alleges that after the rally she sent a letter of demand dated August 2, 2018, addressed to her neighbors and to the City asking for replacement of her property damaged by the rally. ECF# 1-1, p. 5.

---

[1] The alleged date of the rally appears in the plaintiff's letter of demand. ECF# 1-1, p. 5.

The plaintiff's second action is based on the allegation that the City of Mankato did not prevent the environmental pollution to her land, but it "forced an inspection" of her home, falsified a "description" of her home's condition, and "ordered" her home to be demolished in March of 2019. *Id.* at p. 4. She alleges that she also submitted a petition signed by "about 20 people." ECF# 1-1, p. 2. The petition opposed the upcoming inspection of her property and asserted the "complainants causing the inspection" were doing so "to get her property" and were abusing "the existing regulation." Despite this petition, the City inspected her property and generated a report that allegedly described her home's condition in a false and misleading way. Her complaint also mentions the City has ordered her home to be torn down "next year." ECF# 1, p. 6. As relief, she wants the defendants to provide her with a comparable home and land or better and economic damages for the loss of her truffle grove.

Within the time given for objecting to the magistrate's report and recommendation, ECF# 11, the plaintiff has filed both an objection, ECF# 14, and a supplement to her objection, ECF# 15. For her trespass and nuisance claims based on the emissions and noise from the neighbor's go-cart rally, the plaintiff wants them considered as an action under the Federal Tort Claims Act, as violations of certain federal statutes governing clean air, soil and water, or as violations of her constitutional rights to use and enjoy her property. She adds the allegation that she called the police two hours

3

after the go-cart rally began and that the police came but did not stop the rally which went for another two hours.

For her claim of wrongful inspection of property and the unlawful order of her home's demolition, the plaintiff supplements her complaint with conclusory allegations of other City inspections and of her complaining neighbors also harassing her by trespassing and by making low offers to purchase her property. She submits several documents involved with these municipal proceedings. First is the signed order by City of Mankato's governing body dated November 8, 2018. ECF# 14-1, pp. 7-9. This order recounts that a City officer filed a statement on August 7, 2018, which described the plaintiff's physical structure as "unsafe and dangerous." The order also states that the governing body issued a resolution setting a hearing on September 8, 2018, for the plaintiff to "appear and show cause why such structure should not be condemned and ordered repaired or demolished." ECF# 14-1, p. 7. The governing body conducted the hearing on November 8, 2018, taking evidence from both the city officer and from the plaintiff. The governing body thereafter found the structure to be "unsafe and dangerous" and ordered its removal to be commenced no later than March 1, 2019. *Id.* at p. 8. The plaintiff's objection alleges the governing body acted improperly, relied on "faked inspection description," and "did not want to take evidence during" the hearing. ECF# 14, p. 5. The plaintiff's objection does not allege how the inspection was "faked." Nor does the

plaintiff allege what it means that the governing body "did not want to take evidence" when the governing body's order says it "took evidence from Ursula Lenhardt." ECF# 14-1, p. 7.

When a plaintiff proceeds ifp, the Court has a duty to screen the complaint to determine its sufficiency. 28 U.S.C. § 1915(e)(2)(B)(ii). To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly* at 1974). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id*. (footnote omitted). A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory

statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The filings of a pro se litigant are liberally construed because they are held to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). This does not mean that court serves as the pro se litigant's advocate and supplies "additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." <u>Whitney v. State of N.M.</u>, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). Instead, pro se litigants are held to the same procedural rules governing other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be

futile to give him an opportunity to amend." *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (citation omitted).

Unlike state courts, federal courts are courts of limited jurisdiction and, as such, must have a statutory or Constitutional basis to exercise jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) The plaintiff's allegations of nuisance and trespass are state law claims over which this court could exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 if the court had a basis for exercising original federal jurisdiction. The plaintiff's complaint fails to allege any such federal claim. In her objection and supplement to the report and recommendation, the plaintiff suggests several federal bases for her two actions. At this juncture, the court addresses them to determine whether giving the plaintiff an opportunity to amend her complaint would be futile.

Nothing in the plaintiff's allegations suggests the United States could be named a party to this action. Thus, the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), does not trigger federal jurisdiction. The plaintiff summarily cites the Clean Air Act, 42 U.S.C. § 7601 *et seq.*, and the Clean Water Act, 33 U.S.C. § 1251 *et seq.* without alleging how these statutes could support a private cause of action here against the defendants. The plaintiff has not alleged how the defendants are subject to an emission standard or order that was violated. She has not alleged compliance with the notice requirements under the Clean Air Act. *See Phan v. State Farm*

7

*Insurance Company*, 2017 WL 4221453 at *2-*3 (D. Colo. May 25, 2017 (citing *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 282 (D. Colo. 1997)). The plaintiff has not alleged how the defendants are subject to an effluent standard or limitation that was violated here. Nor has she alleged compliance with the notice requirements of the Clean Water Act. *See New Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co., Inc.*, 72 F.3d 830, 832-33 (10th Cir. 1996). These statutes do not support a federal claim for relief here.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted). The plaintiff alleges a trespass by the emissions and noise from the go-cart rally held on the defendant neighbors' property which the City defendants failed to stop when the plaintiff petitioned the City and later when she called the police. These facts do not show a violation of the federal constitution. "[A] trespass to property, negligent or intentional, is a common law tort; it does not infringe the federal constitution." *Wise v. Bravo*, 666 F.2d 1328, 1335 (10th Cir. 1081)). The plaintiff does allege a constitutional right implicated by the City's refusal to act on her petition to stop the rally or by the police officers' later failure to stop the rally. "As a general matter, . . . a State's failure to protect an

8

individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). For that matter, "[a]lthough "[the Due Process Clause] forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' . . . its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1279 (10th Cir. 2003) (quoting *DeShaney*, 489 U.S. at 195). Even if the plaintiff could allege a constitutional right, the defendants' conduct, including the City's, lacks state action and, therefore, is not subject to Fourteenth Amendment prohibitions. *See Marcus v. McCollum*, 394 F.3d 813, 818 (10th Cir. 2004) ("'Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives under the terms of the Fourteenth Amendment.'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004-05 (1982)).

With respect to the city inspection of her home, the plaintiff's complaint alleges it was "forced" but alleges no facts to support this conclusion or to show how the inspection violated a specific constitutional right. "The Fourth Amendment 'safeguard[s] the privacy and security of individuals against arbitrary invasions by governmental officials." *Jones v. Wildgen*, 244 Fed. Appx. 859, 862, 2007 WL 2164168 at *2 (10th Cir. Jul. 27, 2007) (quoting *Camara v. Mun. Court*, 387 U.S. 523, 528 (1967)).

"Administrative searches of structures by municipal inspectors 'are significant intrusions upon the interests protected by the Fourth Amendment.'" *Id.* (quoting *Camara*, 387 U.S. at 534). The Tenth Circuit has summarized the law relevant to city inspections:

> In *Camara*, the Supreme Court held that a routine periodic inspection of a structure "is a 'reasonable' search of private property within the meaning of the Fourth Amendment," and explained that " 'probable cause' to issue a warrant to inspect must exist if reasonable legislative or administrative standards for conducting an area inspection are satisfied with respect to a particular dwelling." *Id.* at 538, 87 S.Ct. 1727. Those standards, "which will vary with the municipal program being enforced, may be based upon the passage of time, *the nature of the building* (e.g., a multi-family apartment house), or the condition of the entire area, but they will not depend upon specific knowledge of the condition of the particular dwelling." *Id.* (emphasis added). "If a valid public interest justifies the intrusion contemplated, then there is probable cause to issue a suitably restricted search warrant." *Id.* at 539, 87 S.Ct. 1727. As we have explained, in issuing an administrative warrant, the judicial officer "is not to give any consideration at all to the reliability of the evidence or the probability of violation." *Marshall v. Horn Seed Co., Inc.*, 647 F.2d 96, 100 (10th Cir. 1981). Instead, the judicial officer's "role is limited to verifying that the proposed search conforms to the 'broad legislative or administrative guidelines specifying the purpose, frequency, scope, and manner of conducting the inspections.'" *Id.* (quoting *Michigan v. Tyler*, 436 U.S. 499, 507, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978)).

*Jones v. Wildgen*, 244 Fed. Appx. at 862–63.

In her objections to the report and recommendation, the plaintiff asserts the City defendants in ordering the inspection "abused" the regulations, because her property is not a dangerous and unsafe place. ECF# 14, p. 4. The plaintiff's filings on their face do not offer any facts that would support a plausible claim of a Fourth Amendment violation. There is nothing to suggest that the defendants did not follow the requirements for

these proceedings. Her petition opposing the inspection discloses the plaintiff received notice of the inspection of her home. The petition describes her home as having been damaged in a fire. ECF# 1-1, p. 2. She also attaches her letter sent to the City in response to the City's notice of hearing. ECF# 14-1, pp. 4-5. In the letter, she discloses that her fire-damaged roof remained, that the electrical wiring in the house was not safe to be used so she was using a generator, and that the plumbing repairs had not been completed and her home was not connected to water. *Id*. Her letter reiterates that her home is "an unfinished property" that she was wants to repair on her own and on her own schedule. *Id*. There is no question but that the plaintiff's home had significant visible fire damage and major repairs unfinished. On the face of the facts appearing in the plaintiff's filings, her complaint fails to suggest any plausible claim for the defendants abusing their authority in conducting this inspection.

This leaves the plaintiff's other allegations that the inspector's report contained a "fraudulent description" of her home's condition and that the City's resolution was necessarily "wrong" as based on that report. ECF# 1, p. 6. The plaintiff's filings do not offer any factual basis for her allegation that the report was "fraudulent." Nor are there any allegations regarding the municipal proceedings that would demonstrate their wrongfulness or unreasonableness.

The Tenth Circuit has held "that in absence of egregious actions (which could violate substantive due process) nuisance abatement does not violate a property owner's Fourth or Fourteenth Amendment rights if he is given adequate notice and an opportunity for a hearing, and if the abatement is conducted in a reasonable manner." *Dornon v. Jurgens*, 636 Fed. Appx. 457, 459 (10th Cir. Jan 28, 2016) (citing *Santana v. City of Tulsa*, 359 F.3d 1241 (10th Cir. 2011)). The plaintiff's filings show she received notice, appeared at the hearing, and presented her evidence. The Tenth Circuit has "explained that 'an arbitrary deprivation of an individual's property right can violate the substantive component of the Due Process clause of the Fourteenth Amendment. Any substantive due process claim must represent more than an ordinary tort to be actionable under § 1983, and must shock the conscience. To reach that level, the government action must be deliberate, rather than merely negligent.'" *Santana*, 359 F.3d at 1244 (quoting *Clark v. City of Draper*, 168 F.3d 1185, 1190 (10th Cir. 1999)). "In its substantive mode, the Fourteenth Amendment provides protection against arbitrary and oppressive government action, even when taken to further a legitimate governmental objective." *Seegmiller v. LaVerkin City*, 528 F.3d 762, 767 (10th Cir. 2008) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998)). The Tenth Circuit has said:

> Conduct that shocks the judicial conscience, on the other hand, is deliberate government action that is "arbitrary" and "unrestrained by the established principles of private right and distributive justice." *Lewis*, 523 U.S. at 846, 118 S.Ct. 1708 (quoting *Hurtado v. California*,

> 110 U.S. 516, 527, 4 S.Ct. 111, 28 L.Ed. 232 (1884)). This strand of substantive due process is concerned with preventing government officials from "abusing their power, or employing it as an instrument of oppression." Id. (internal marks omitted). Not all governmental conduct is covered, however, as "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." Id.

*Seegmiller v. LaVerkin City*, 528 F.3d at 767. The plaintiff's filings and allegations do not describe the municipal actions and proceedings as to raise a plausible claim of arbitrary, abusive or egregious governmental conduct. This court does not sit in judicial review of these municipal proceedings and may exercise federal jurisdiction only when the allegations of official conduct are so egregious as to be arbitrary in a constitutional sense. The plaintiff's allegations are no more than her disagreement with the findings that her property is unsafe and dangerous. A substantive due process claim must be based on something more than a municipal body believing the inspector's opinion and presentation over the plaintiff's opinion and presentation.

After conducting a de novo review of the magistrate judge's report and recommendation, the court finds that the plaintiff's complaint fails to state a federal claim for relief and that it would be futile to permit the plaintiff the opportunity to amend her complaint and include the allegations and arguments advanced in her objection and supplement. The court overrules the plaintiff's objections and accepts the report and recommendation as modified by the above findings and conclusions.

IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation of January 3, 2019, (ECF# 7), is accepted as modified

by the above findings and conclusions, and the plaintiff's action is dismissed for failure to allege a claim giving this court subject matter jurisdiction.

Dated this 30th day of January, 2019, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge