IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

URSULA LENHARDT,

        Plaintiff,

vs.                                        Case No. 18-4151-SAC-KGG

CITY OF MANKATO, KANSAS, et al.,

        Defendants.

MEMORANDUM AND ORDER

On January 30, 2019, this court filed its memorandum and order that accepted the magistrate judge's report and recommendation and dismissed the plaintiffs' action for failure to allege a claim giving this court subject matter jurisdiction. ECF# 16. The next day the *pro se* plaintiff Ursula Lenhardt sent a pleading asking that her civil cover sheet be corrected to now assert diversity jurisdiction. ECF# 18, p. 2. This civil cover sheet shows the defendants to be citizens and residents of Kansas, and the plaintiff to be a "citizen of another state" despite also being a resident of Jewell County, Kansas. ECF# 18, p. 2. As construed by the clerk and the court, the plaintiff's pleading was filed as a motion for reconsideration. ECF #18. In that pleading the plaintiff appeared to be alleging diversity jurisdiction, the court then reviewed the sufficiency of her complaint in that regard.

The complaint alleged the plaintiff was a citizen of Germany but had been domiciled in Jewell County, Kansas, for more than several years. The court gave the plaintiff twenty days to file an amended complaint

alleging sufficient facts for original diversity jurisdiction under the following federal statute:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of or value of $75,000, exclusive of interest and costs, and is between—
> . . . .
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.

28 U.S.C. § 1332(a)(2); ECF# 18.

The plaintiff has filed her amended complaint. ECF# 20. She alleges being a citizen of Germany and attaches two documents that she identifies as a German birth certificate and a national identification card from Germany. *Id.* at 2 and 22. There is nothing to confirm that either document is what the plaintiff alleges it to be. More importantly, the identification card faxed and attached to the complaint is unreadable. The plaintiff also alleges she legally resides in the United States "until the final decision of the immigration judge regarding her immigration case (asylum) has been made (see attached exhibit 3, highlighted)." *Id.* at 2. The plaintiff separately faxed for filing her exhibit 3. ECF# 21. This exhibit displays three empty boxes without any words or symbols communicating its purpose or effect. *Id.* at 2. There is nothing to confirm that his document constitutes evidence that the plaintiff is not a permanent legal resident. The plaintiff further alleges that she must await a decision on her asylum application before seeking

permanent legal resident status. The plaintiff asserts she also has applied for American citizenship. She also alleges that she has lived in current home in Mankato, Kansas for seven years. The plaintiff does not provide a sworn statement as to her current legal status in the United States, and her documentation fails to prove the same. The plaintiff's allegations also are insufficient.

In evaluating the sufficiency of the plaintiff's filings, the court looked to the following case law. Because she is domiciled in Kansas, diversity jurisdiction exists only if the plaintiff is not "lawfully admitted for permanent residence in the United States." *Rodriguez v. Luna*, 2014 WL 4099307, at *3 (D. Colo. Aug. 20, 2014) (aliens without lawful status in United States meet the requirement); *see, e.g., Vaka v. Embraer-Empresa Vrasileira De Aeronautica, S.A.*, 303 F. Supp. 2d 1333, 1334 (S.D. Fla. 2003) ("[A]n individual who possesses a visa that confers only temporary resident status remains an alien for diversity purposes." (citations omitted)); *S Rock Partners, LLC v. Kiselev*, 2018 WL 888725, at *7 (D. Conn. Feb. 14, 2018)("aliens present in this country on any lesser status [than "green cards"] will still be considered aliens, able to invoke alienage jurisdiction against a citizen of the a state." (citation omitted)); *Sabino v. Hitachi Koki Co., Ltd.*, 2010 WL 1980321, at *1 (E.D. Pa. May 17, 2010)("Courts across the country have consistently held that 'an alien admitted for permanent residence' refers to an alien who has been formally granted permanent

residence in the United States, *i.e.*, obtained a 'green card.'" citing *See, e.g., Foy v. Schantz, Schatzman & Aronson, P.A.*, 108 F.3d 1347, 1348-49 (11th Cir. 1997)(courts are "to refer to an alien litigant's official immigration status" to make this determination); *Mejia v. Barile*, 485 F.Supp.2d 364, 367 (S.D.N.Y. 2007)(aliens who have obtained lawful permanent residence under immigration laws, that is, have received green cards, are aliens admitted for permanent residence); *Miller v. Thermarite Pty. Ltd.*, 793 F.Supp. 306, 307 (S.D. Ala. 1992)). "Congress has defined the phrase 'lawfully admitted for permanent residence' as a term of art meaning 'the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws.' INA § 101(a)(20), 8 U.S.C. § 1101(a)(20)." *Pacheco v. Dibco Underground, Inc.*, 2009 WL 10669492, at *2 (W.D. Tex. Apr. 23, 2009).

At this unique juncture, the court will require plaintiff to provide, at a minimum, either an affidavit or an unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746, that affirmatively states she is a citizen or subject of a particular foreign state, that positively states that as of the filing of her original complaint in this action she was not "lawfully admitted for permanent residence in the United States," *i.e.* she does not have a green card. The plaintiff also may submit additional evidence in support of these statements. The plaintiff shall have fourteen days from the filing date of this order to comply.

IT IS SO ORDERED.

Dated this 1st day of March, 2019, Topeka, Kansas.

                <u>s/Sam A. Crow</u>
                Sam A. Crow, U.S. District Senior Judge