IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

URSULA LENHARDT,

           Plaintiff,

vs.                                             Case No. 18-4151-SAC-KGG

CITY OF MANKATO, KANSAS, et al.,

           Defendants.

MEMORANDUM AND ORDER

This court filed on January 30, 2019, its memorandum and order accepting magistrate judge's report and recommendation to dismiss the plaintiffs' action for failure to allege a claim giving this court subject matter jurisdiction. ECF# 16. The court then construed a plaintiff's filing (ECF# 18) to seek reconsideration of diversity jurisdiction based on foreign alienage and granted the plaintiff leave to file an amended complaint alleging facts to sustain diversity jurisdiction. ECF# 19. The plaintiff responded filing her amended complaint and exhibits in support. ECF## 20-23.

Because the plaintiff's amended complaint and supporting exhibits were deficient as incomplete and unreadable, the court required the plaintiff to provide either an affidavit or an unsworn declaration under penalty of perjury, that affirmatively stated she is a citizen or subject of a particular foreign state and she is not lawfully admitted for permanent residence in the United States (no green card) as of the filing of her original

complaint. ECF# 23. The court also allowed her to submit additional evidence in support of her statement. *Id.*

The plaintiff timely responded and separately provided exhibits some of which were sealed to protect privacy interests. ECF##24-26. Though the plaintiff's response does not qualify as an affidavit or a declaration under penalty of perjury, she includes a statement that she is a citizen of Germany and that she is in the United States having made an application for asylum and awaiting a decision on it. She also has submitted exhibits which appear to support her statement. The court will accept the plaintiff's submissions as a showing of diversity jurisdiction to justify the magistrate judge moving forward with the case.

The plaintiff's recent filings also ask this court to enjoin the City of Mankato from proceeding with the demolition of her home pursuant to condemnation proceedings. The court summarily denies the plaintiff's request as it fails to meet the specific requirements for such relief. First, the plaintiff has not filed a separate motion seeking a temporary restraining order ("TRO") as required by D. Kan. Rule 65.1. Second, the plaintiff has not attempted compliance with the requirements of Fed. R. Civ. P. 65(b). Third, while a court may expedite a TRO application and decide it *ex parte*, such relief is reserved for when the applicant would face immediate and irreparable harm if the court waited for a preliminary injunction proceeding.

The plaintiff has yet to allege irreparable harm. The court will not enter any immediate relief based on the plaintiff's most recent filings.

IT IS THEREFORE ORDERED that the court grants the plaintiff's motion to reconsider (ECF# 18) insofar as its memorandum and order of January 30, 2019, (ECF# 16), accepting the magistrate judge's report and recommendation is set aside;

IT IS FURTHER ORDERED that the plaintiff's amended complaint as supported by supplementary filings alleges an apparent basis for diversity jurisdiction under 28 U.S.C. § 1332(a)(2);

IT IS FURTHER ORDERED that the plaintiff's request for immediate injunctive relief (ECF## 20 and 24) is denied;

IT IS FURTHER ORDERED that the assigned magistrate judge will resume the processing of this case.

Dated this 2nd day of April, 2019, Topeka, Kansas.

                                      s/Sam A. Crow
                                      Sam A. Crow, U.S. District Senior Judge