IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

URSULA LENHARDT,

          Plaintiff,

vs.                                                             Case No. 18-4151-SAC-KGG

CITY OF MANKATO, KANSAS, et al.,

          Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the *pro se* plaintiff's motion for a temporary restraining order ("TRO"). ECF# 30. The defendants were not served with this motion and have yet to be served with the plaintiff's amended complaint. Three days before the plaintiff filed her TRO motion, the Magistrate Judge ordered the plaintiff to provide the addresses of the defendants so that the clerk of the court could proceed with service of process. ECF# 29.

The plaintiff's single-page TRO motion is accompanied by a four-page proposed TRO. The plaintiff apparently seeks the court to restrain the execution of the City of Mankato Mayor's Resolution dated November 8, 2018, which found the structure at 489 South East Street to be "unsafe and dangerous" and directed the structure "to be removed and the premises made safe and secure." ECF# 14-1, p. 8. The resolution gave the plaintiff as the owner of the property until March 1, 2019, to commence the removal and to complete the same within 30 days. *Id*. The resolution provided that

1

the owner for good cause shown could apply for additional time. *Id.* It further warned that the owner's failure to commence removal or act diligently would result in the governing body taking further action as necessary "to raze and remove the structure without further notice to the owner." *Id.* The plaintiff also seeks additional relief that restrains the defendants from interfering or threatening to interfere with her exercise of property rights and that requires certain defendants to restore their property as to prevent additional contaminating run-off to her property.

Because a TRO generally issues without notice to the adverse party or attorney, a movant is expected to show that the TRO is needed to preserve the status quo and to prevent immediate and irreparable harm from happening before ruling on a preliminary injunction request after proper notice and any hearing. *Flying Cross Check, L.L.C. v. Central Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1258 (D. Kan. 2001). Besides this threshold showing, the movant also must establish the following required for a preliminary injunction too: "(1) it will suffer irreparable injury unless the temporary relief issues; (2) the threatened injury to the movant outweighs whatever damage the temporary relief may cause the opposing party; (3) the temporary relief would not be adverse to the public interest; and (4) there is a substantial likelihood that the movant will eventually prevail on the merits." *Id.* (citations omitted). "Because a [TRO or] preliminary injunction is an 'extraordinary remedy' . . . the right to relief must be clear

2

and unequivocal." *Kansas Health Care Ass'n v. Kansas Dep't of Social & Rehabilitation Servs.*, 31 F.3d 1536, 1543 (10th Cir. 1994) (citations omitted).

The plaintiff has not made the threshold showing for a TRO. The plaintiff's delay in seeking this equitable relief weighs against her claim of urgency. *Snyder v. American Kennel Club*, 575 F. Supp. 2d 1236, 1242-43 (D. Kan. 2008). Indeed, the plaintiff has not shown she requested and was denied a good cause extension of time from the defendant City. The plaintiff's alleged irreparable injury is to the personal property she has stored in her fire-damaged residence. The plaintiff is no longer living on the property, and there are no emergency circumstances alleged that prevent her from removing and storing the personal property elsewhere. Even if this showing had been made, there is a significant public safety interest expressed in the City's resolution. In its prior order, now set aside, the court noted that, the plaintiff's filings and allegations do not describe the municipal actions and proceedings as to raise a plausible claim of arbitrary, abusive or egregious governmental conduct. This court does not sit in judicial review of these municipal proceedings and may exercise federal jurisdiction only when the allegations of official conduct are so egregious as to be arbitrary in a constitutional sense. The plaintiff's allegations are no more than her disagreement with the findings that her property is unsafe and dangerous. A substantive due process claim must be based on something more than a

municipal body believing the inspector's opinion and presentation over the plaintiff's opinion and presentation. In short, the plaintiff has not provided the court with viable legal authority for staying the city's resolution.

IT IS THEREFORE ORDERED that the plaintiff's motion for a TRO (ECF# 30) is denied.

Dated this 12th day of April, 2019, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge