IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

URSULA LENHARDT,

          Plaintiff,

vs.                                        Case No. 18-4151-SAC-KGG

CITY OF MANKATO, KANSAS, et al.,

          Defendants.

MEMORANDUM AND ORDER

       The case comes before the court on the *pro se* plaintiff's motion and amended motion for the court to reconsider its order (ECF # 31) denying her motion (ECF # 30) for a temporary restraining order ("TRO"). ECF## 32 and 33. The court's prior order found that the plaintiff had not provided addresses for the defendants who had yet to be served with the plaintiff's amended complaint. It now appears that the addresses have been furnished and the summons issued on the amended complaint. ECF## 34 and 4/17/2019 text entry.

       The plaintiff's TRO motion had asked this court to cancel or stay the execution of the City of Mankato Mayor's Resolution dated November 8, 2018, which found the structure at 489 South East Street to be "unsafe and dangerous" and directed the structure "to be removed and the premises made safe and secure." ECF# 14-1, p. 8. The court denied the motion finding the plaintiff had failed to make the threshold showing that a TRO was needed to prevent immediate and irreparable harm from happening before a

1

proper motion of preliminary injunction with notice and hearing could be made and decided. The court noted her delay in pursuing this relief and her failure to allege that she sought and was denied an extension by the defendant City. The court also questioned whether the circumstances satisfied the urgency standard as the plaintiff was not living there, her home was fire-damaged, and removal of her personal property was possible. Finally, the court observed:

> Even if this showing [of emergency circumstances] had been made, there is a significant public safety interest expressed in the City's resolution. In its prior order, now set aside, the court noted that, the plaintiff's filings and allegations do not describe the municipal actions and proceedings as to raise a plausible claim of arbitrary, abusive or egregious governmental conduct. This court does not sit in judicial review of these municipal proceedings and may exercise federal jurisdiction only when the allegations of official conduct are so egregious as to be arbitrary in a constitutional sense. The plaintiff's allegations are no more than her disagreement with the findings that her property is unsafe and dangerous. A substantive due process claim must be based on something more than a municipal body believing the inspector's opinion and presentation over the plaintiff's opinion and presentation. In short, the plaintiff has not provided the court with viable legal authority for staying the city's resolution.

ECF# 31, at pp. 3-4.

In her latest filing, the plaintiff objects that the court failed to properly regard her motion as alleging the necessary irreparable and irreplaceable loss to justify her request for an order preventing the demolition of her home and the damage of her personal property. ECF# 33. The plaintiff further attacks the City's resolution as "based on a fraudulent inspection description" instead of the true condition of her home. *Id.* at p. 1.

2

She lists seven "outdated facts" appearing in the City's inspection or resolution. She alleges having no place to store her personal property which she views as irreplaceable. She further asserts ongoing and irreparable injury to the soil, plants and water in her yard.

Because the plaintiff's objections merely rehash the evidence and arguments from her original motion, the court denies it summarily. "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2004). A motion to reconsider is not the losing party's opportunity to rehash arguments already addressed and rejected, "to make its strongest case[,] or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). A decision on a motion to reconsider is committed to the court's "considerable discretion." *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997). The plaintiff's motion fails to show that the court misapprehended the facts, her position, or the controlling law. More importantly, the plaintiff's motion does not address the court's reasons for finding that the circumstances do not justify granting relief without first giving notice to the defendants and then deciding the plaintiff's arguments in a preliminary injunction proceeding. The court's ruling does not prejudice the plaintiff from pursuing a proper motion for

preliminary injunction filed with notice to the defendants. Finally, the court reiterates that it does not sit in judicial review of the municipality's proceedings. The plaintiff has yet to allege a viable claim of a constitutional right violation. The plaintiff's conclusory allegation of fraud does not turn her factual dispute over the actual condition of her property into a constitutional claim. Moreover, the plaintiff will need to allege her exhaustion of administrative remedies. *See Bateman v. City of West Bountiful*, 89 F.3d 704, 709 (10th Cir. 1996) ("The Tenth Circuit repeatedly has held that the ripeness requirement of *Williamson* applies to due process and equal protection claims that rest upon the same facts as a concomitant takings claim.").

IT IS THEREFORE ORDERED that the plaintiff's motion and amended motion to reconsider (ECF## 32 and 33) are denied.

Dated this 19th day of April, 2019, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge