IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

URSULA LENHARDT,

Plaintiff,

vs.                                          Case No. 18-4151-SAC-KGG

CITY OF MANKATO, KANSAS, et al.,

Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(1), (4) and (6) filed by the defendant

Matthew Pierce (ECF# 42); the motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(1),(3) and (6) filed by the defendants City of Mankato and Chris Rhea

("City defendants") (ECF# 44), the plaintiff's motion for preliminary

injunction (ECF# 46)[1], and the plaintiff's supplemental pleading in support of

her preliminary injunction motion (ECF# 51)[2]. The court takes up these

---

[1] The plaintiff apparently intends her filing (ECF# 46) to not only be a
motion for preliminary injunction, but also to be a motion for expedited
discovery, a motion to add defendants, and a response opposing Pierce's
motion to dismiss. From this point forward, the plaintiff shall file her motions
and responses separately, and motions should not be joined in a single
pleading unless requesting relief in the alternative. The court summarily
denies her request for expedited discovery and her request to add parties.
Her filing fails to provide the necessary grounds for granting this relief now.
The magistrate judge will be handling such matters, and the parties will be
expected to comply with her orders and with the rules of this court in
bringing these matters to the court.
[2] The plaintiff also appears to address some issues raised in the City
defendants' motion to dismiss. Again, the plaintiff shall not combine such
pleadings in the future. The court appreciates that the plaintiff's filings at

matters in the following order, the defendants' jurisdictional challenge, the plaintiff's motion for preliminary injunction, and the balance of the defendants' arguments for dismissal. As the defendants discuss in their filings, the plaintiff's pro se filings are ambiguous, rambling, and confusing. This order is intended to improve the situation.

## Amended Complaint (ECF# 20)

The court is mindful that a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Still, a pro se party is expected to follow the same rules of procedure as any other litigant. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993). Under Fed.R.Civ.P. 8(a), the complaint itself must include enough facts to give the defendants fair notice of the grounds upon which the plaintiff's claims rest. *Conley v. Gibson*, 355 U.S. 41, 77, 78 S.Ct. 99, 103 (1957). Plaintiff's pro se status does not exempt her from compliance with this minimal pleading requirement. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim

---

ECF # 46 and 51 are substantially overlapping in content. The plaintiff is admonished that all future filings should bear a title consistent with the plaintiff's intended purpose for filing and should reflect an effort at being concise and clear.

on which relief can be granted." *Hall*, 935 F.2d at 1109. It is not the proper role of the district court to act as an "advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d at 1110. Therefore, the court does not "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of New Mexico*, 113 F .3d 1170, 1173–74 (10th Cir.1997).

At the outset, the general rule is that an "amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kansas Dept. of Corrections*, 160 Fed. Appx. 730, *733–734, 2005 WL 3515716 at *1 (10th Cir. 2005) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)), *cert. denied*, 549 U.S. 1219 (2007); see *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir.1991) ("[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect") (internal quotations marks and citations omitted)). Under Federal Rule of Civil Procedure 10, "[a] statement in a pleading may be adopted by reference elsewhere … in any other pleading or motion." Fed. R. Civ. P. 10(c). The plaintiff's amended complaint fails to clearly and specifically reference, adopt or incorporate the original complaint. There are, however, indications in the amended complaint that the plaintiff believed she was simply adding "further" allegations, facts and exhibits to cure deficiencies in the jurisdictional allegations, to support her prior alleged claims, and to support a new claim for injunctive relief. ECF# 20, p. 1. The court's order that identified the plaintiff's need for filing an

3

amended complaint failed to caution that her amended complaint also should include **all** her claims and allegations. The court will give the plaintiff another opportunity to amend her complaint in response to this court's order addressing the pending motions to dismiss. The plaintiff shall include **all** allegations and claims which she wants incorporated from her original complaint and which she adds to cure the pleading deficiencies noted in this order. The defendants are only minimally prejudiced by this approach, because the court will still address their pending motions to dismiss and because the plaintiff's amended complaint largely echoes the central allegations found in her original complaint.

   In both her complaints, the plaintiff names the following defendants:  City Council of Mankato, City Administrator Chris Rhea, and her neighboring landowners, Edward Hood, Matthew Pierce, and Paul Bohnert. In her original complaint, the plaintiff listed "torts to the land" and identified nuisance and trespassing by her neighbors, Pierce and Hood, who held "an unpermitted go-cart-rally in their backyard" for "five hours" on July 28, 2018. ECF# 1, p. 3 and ECF# 1.1, p. 5. She alleges that prior to the rally she submitted a petition to the City opposing the location of the go-cart rally. She alleges the emissions from this rally were "highly toxic waste" (ECF# 20, p. 17) and damaged her valuable organic herbs and a rare white truffle grove in her backyard. In her amended complaint, the plaintiff summarily references "trespasses" by Hood and Pierce in 2016 and in 2017

to damage her "herbal field." ECF# 20, p. 5. The plaintiff includes in her amended complaint that her three neighbors (Hood, Pierce and Bohnert) combined to harass her into selling her property by jointly signing repeated complaints to the City about the condition of her property. The plaintiff alleges the defendants' trespasses (go-cart rally and run-off) "contaminated, thereby ruined . . . [her] "entire backyard already." ECF# 20, p. 15. She asserts the "defendants extensively brought out pesticide on their property for the past years and these additional chemicals . . . [have] washed into plaintiff's rare white truffle grove . . . thereby ruining the mushroom crop completely." ECF# 20, p. 18. In her original complaint, the plaintiff set out damages of $10,000 for one-year's loss of the herbal crop, $300,000 for one-year's loss of a mushroom harvest (plus the loss for the next ten to twenty years based on producing 100 pounds of truffles annually), and $350 in lab report costs for analysis of her backyard soil. ECF# 1, p.4. She also alleges as loss in her amended complaint the restoration or "purification" of her contaminated backyard soil.

Against the City defendants, the plaintiff claims they failed to prevent her backyard's contamination when they refused to stop the go-cart rally. They acted on the other defendants' baseless complaints about her home's condition. They forced an inspection of her property and then fraudulently described the condition of her home. She petitioned the City to stop the go-cart rally and to forego the inspection of property and any

subsequent City proceeding to find her property unsafe and dangerous. Her petition accused the complainants of trying to take away her property and of abusing the existing regulation. ECF# 1-1. She alleges the defendant City Council wrongly relied on this "fraudulent" inspection report rather than her evidence in concluding that the plaintiff's home was unsafe and should be demolished. The plaintiff seeks to enjoin the City from proceeding with the demolition and to enjoin the other defendants from continuing to damage her property.

## Jurisdictional Challenge--Amount in Controversy

Early in this case, Magistrate Judge Gale filed a report and recommendation to dismiss the action, in part, because "Plaintiff, who resides in Kansas, has failed to establish diversity jurisdiction as to the named Defendants, all of whom are residents of Kansas also." ECF# 6, p. 9. When it became apparent that the plaintiff was not a citizen of this country and that the plaintiff may not be lawfully admitted as a permanent resident, the court required the plaintiff to offer additional allegations and evidence in support of diversity jurisdiction under 28 U.S.C. § 1332(a)(2). ECF# 23. The court eventually accepted the plaintiff's amended complaint, as supplemented by additional exhibits, ECF## 24-26, "as a showing of diversity jurisdiction to justify the magistrate judge moving forward with the case." ECF# 28, p. 2. Before now, neither the magistrate judge nor this

court has evaluated the reasonableness of the plaintiff's damage allegations for purposes of determining the amount in controversy requirement.

Both pending motions to dismiss challenge the court's diversity jurisdiction due to the plaintiff's failure to allege a specific amount in controversy in her amended complaint. The defendants also argue the plaintiff cannot allege this threshold amount as her entire property's appraised value for property tax purposes is $3,230. The defendant Pierce also challenges the plaintiff's valuation of her truffle grove as factually unreasonable and lacking in evidence.

By statute, a federal district court has original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).  A Rule 12(b)(1) motion seeking dismissal for lack of subject matter jurisdiction pursues either a facial attack or a factual attack. *Paper, Allied-Industrial, Chemical and Energy Workers Intern. Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). A facial attack challenges the sufficiency of the complaint's allegations, and the court accepts those allegations as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A factual attack puts the allegations in dispute, and the court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003 (citation omitted). In making its own findings, the court "has wide discretion to allow affidavits, other documents, and a limited

evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* A court need not convert a Rule 12(b)(1) motion to a Rule 56 motion unless "resolution of the jurisdictional question is intertwined with the merits of the case." *Id.* "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (internal quotation marks and citation omitted).

The defendants appear to mount a factual challenge which is not intertwined with the merits of the case. Thus, evidence outside of the pleadings may be considered without converting the motion to a Rule 56 motion. *Holt*, 46 F.3d at 1003. The plaintiff has not submitted evidence showing her losses exceed $75,000.

The Tenth Circuit analyzes a factual attack on the amount in controversy question in this way:

> "When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiffs must show that it does not appear to a legal certainty that they cannot recover" the jurisdiction amount. *Id.* [*Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994)]). Thus, Woodmen, not Sanchez, has the burden of establishing jurisdiction. Woodmen can meet this burden by demonstrating that it is not legally certain that the claim is less than the jurisdictional amount. See *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000).
>     The legal certainty standard is very strict. As a result, it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied. 14B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3702, at 97–98 (1998). There is a strong presumption favoring the amount alleged by the

plaintiff. *See Adams*, 225 F.3d at 1183 (noting that amount alleged in the complaint can alone be sufficient to satisfy showing that it is not legally certain the amount is less than the jurisdictional requirement); see also *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir.1994) ("The legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." (quotation omitted)). Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction. 14B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3702, at 98–101 (1998).

*Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216–17 (10th Cir. 2003) (footnote omitted). The amount in controversy for claims of declaratory and injunctive relief "is measured by the value of the object of the litigation." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006). The Tenth Circuit uses the "either viewpoint rule which considers either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum." *Id*.

Despite these strict legal standards, the court finds here that the defendants' evidence puts in dispute the reasonableness of the plaintiff's claimed losses for the truffle grove. The plaintiff's allegations simply lack sufficiency and consistency as to convince this court that her recoverable damages "bear a reasonable relation to the minimum jurisdictional floor." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1171 (10th Cir. 2011) (internal quotation marks and citations omitted). In her original complaint, the plaintiff alleges only one loss ostensibly taking her action over the $75,000

threshold, that is, her white truffle harvest. Specifically, she alleges a "one hundred pound white truffle [crop] a year," and that "the loss of the mushroom harvest this year is about $300,000 (calculated for a bad year)." ECF# 1, p. 4. Despite this allegation of a lucrative truffle harvest from an established grove, the plaintiff asserted in her "petition" against the City's inspection of her property, "Miss Ursula Lenhardt had to repair her property after a fire-damage without receiving the donated money, it got stolen from her—she had to do all the work without any financial funds—it will be highly unfair to expert her to manage all the necessary work without being able to buy certain needed new materials." ECF# 1-2, p. 2. The plaintiff continues to assert her white truffle grove is a viable asset deserving of injunctive relief. ECF# 46, p. 4. Not only are these allegations difficult to reconcile but appear inconsistent on their face. They suggest the plaintiff may be "claiming damages over $75,000 merely to satisfy federal court jurisdictional requirements." *See Sokkia Credit Corp. v. Bush*, 147 F. Supp. 2d 1101, 1104 (D. Kan. 2001). They call into question whether the amount of the claimed loss is "made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."). When the allegations of jurisdictional facts are properly challenged as here, the "plaintiff must support them by competent proof, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936),

including amendments or affidavits, if necessary. *Diefenthal . v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982)." *Salazar v. Furr's, Inc.*, 629 F.Supp. 1403, 1407 (D.N.M. 1996). Once the evidence is submitted, this court will decide the jurisdictional issue. *Emland Builders, Inc. v. Shea*, 359 F.2d 927, 929 (10th Cir. 1966)("[J]urisdiction cannot be conferred or established by colorable or feigned allegations solely for such purpose. If the amount becomes an issue, as in the case at bar, the trial court must make a determination of the facts.").

At this juncture, the court will require the plaintiff to file a second-amended complaint denominating her damages and to submit evidence about the claimed monetary loss to the plaintiff's herb garden and truffle grove. Preferably, this evidence would be an affidavit that affirmatively shows the affiant has personal knowledge about the plaintiff's herb garden and her white truffle grove and is competent to testify about the monetary value of her herb garden and her organic white truffle grove. This evidence will be considered in determining whether it is not legally certain the amount in controversy here is less than the jurisdictional requirement of $75,000. The plaintiff shall have thirty days to submit her second amended complaint and this evidence. Without such evidence, the court will proceed with dismissing this action for lack of jurisdiction.

The court is mindful that the City defendants have made a separate jurisdictional challenge asserting the plaintiff's organic white truffle

grove is not part of her claim against the City. Nonetheless, if the plaintiff could recover over $75,000 from a single defendant, then original jurisdiction is proper and supplemental jurisdiction may be properly exercised over other related claims and defendants pursuant to 28 U.S.C. § 1367(a). *See World Fuel Services, Inc. v. Nambe Pueblo Development Corporation*, 362 F.Supp.3d 1021, 1066 (D.N.M. 2019), *appeal filed*, (10th Cir. Mar. 6, 2019); *Helena Chemical Company v. Holthaus*, 2018 WL 623593, at *2 (D. Kan. Jan. 29, 2018). Because the plaintiff's claims against the individual defendants include their baseless complaints to the City which triggered the municipal inspection and proceedings, and because the plaintiff also claims the City failed to act on her petition opposing the Pierce's go-cart rally, the court finds the claims arise from a common nucleus of operative fact. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

**Preliminary Injunction**

Extended proceedings over the determination of foreign citizenship and the lack of permanent residence delayed service upon the defendants. In the meantime, plaintiff sought a temporary restraining order ("TRO"). Her initial TRO request was denied for failure to comply with the strict procedural requirements for this extraordinary relief. ECF# 28, pp. 2-3. The plaintiff then filed a separate TRO motion seeking an order restraining the defendants from demolishing her home and from continuing to expose her backyard to runoff that contains chemicals harmful to her "rare white

truffle grove." ECF# 30. To her motion, the plaintiff attached a proposed order arguing additional issues and facts. ECF# 30-1. This TRO motion was denied for failure to make the threshold showing. ECF# 31. The plaintiff then filed a motion and amended motion to reconsider this order. ECF## 32 and 33. The court denied these motions without prejudice to the plaintiff "pursuing a proper motion for preliminary injunction filed with notice to the defendants." ECF# 35, pp. 3-4.

The plaintiff now moves for a preliminary injunction repeating her TRO arguments and supplementing them with additional allegations. ECF## 46 and 51. She adds that there is no other place to keep her personal property now stored in the house which the City has ordered for demolition. She longer no resides in the house because her neighborhood has become "unbearably hostile." ECF# 51, p. 7. Unable to live in her house is emotionally distressing to her. She cannot remove the 1200 square yards of her white truffle grove. Her pet French Angora Rabbits were recently killed. She seeks injunctive relief "to prevent the demolition of her home," the loss of her personal property, and "the ongoing contamination of her backyard," all of which she argues would be irreparable harm to her property. ECF# 46, p. 6. The City's order for the removal of her home as unsafe and dangerous is allegedly "based on a fraudulent inspection description and does not reflect the real situation of her house" which "is safe and livable." *Id*. She specifically disputes seven aspects of that report

as erroneous and incomplete statements of her property's current, livable condition. She blames the contaminated runoff from Pierce's backyard on his removal of soil and asserts the runoff can be stopped if he replaces the soil. She denies that monetary damages would be an adequate remedy, because the amount of her damages "is difficult to determine" and the nature of those damages is "irreparable." ECF# 46. p. 11. The balance of harm accordingly favors her because the defendants are not harmed by her keeping the house and managing her property.

The City defendants and Pierce oppose such relief and argue as follows. ECF## 48 and 50. The plaintiff lacks clear proof that the public interest was not served by the City Council's finding and order for the destruction of her house as unsafe or dangerous. The balance of equities does not favor the plaintiff as she did not seek an extension of time from the City of Mankato and did not appeal the City's resolution to state district court under K.S.A. 60-2101(d) and Mankato City Ordinance 4-613. The City was fulfilling its statutory duty in passing the resolution. The plaintiff is unable to show a likelihood of success on the merits as she failed to appeal the City's resolution and her allegations are lacking. As for the irreparable harm, the City defendants point to the plaintiff's new residence and the lack of emergency circumstances to keep her from removing and storing her personal property elsewhere. The defendant Pierce joins the City defendants' positions and separately argues that the plaintiff's request to have him

modify his property is affirmative relief inappropriate for a preliminary injunction. He denies having made any changes to his land's topography that contributed to the natural runoff of water from his land. While denying that he made a go-cart track in his backyard, Pierce admits riding go-carts with friends but asserts he "does not intend to continue to use the property in this way." ECF# 50, p. 3. He also explains that no significant changes to his backyard were made for the go-carts.

"[T]he limited purpose of a preliminary injunction 'is merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *Schrier v. University of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). The standards governing the plaintiff's motion are:

> To obtain a preliminary injunction, the moving party must demonstrate four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008); see also *O Centro* [*Expirita Beneficiente Uniao Do Vegetal v. Ashcroft*], 342 F.3d [1170] at 1177 [(10th Cir. 20030]. Because the primary goal of a preliminary injunction is to preserve the pre-trial status quo, courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action—a mandatory preliminary injunction—before a trial on the merits occurs. *O Centro*, 389 F.3d at 977.

*RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208–09 (10th Cir. 2009) (footnote omitted). It is the movant's burden to establish each of these factors. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188–89 (10th Cir.

2003) (citation omitted). "If the plaintiff can establish that the latter three requirements tip strongly in his favor, the test is modified, and the plaintiff may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1255–56 (10th Cir. 2003) (internal quotation marks and citation omitted)., "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (citation omitted). As explained in *RoDa Drilling Co.*, courts are especially cautious in granting preliminary injunctions that would alter the status quo, would require the nonmoving party to take affirmative action, or would give the movant all the relief obtainable from prevailing in a full trial. 552 F.3d at 1208. The plaintiff's injunction request against the defendant Pierce would require him to take affirmative action. 552 F.3d at 1209. To prevail on a request for a disfavored injunction, the "movant must demonstrate a substantial likelihood of success on the merits, in addition to the other elements." *Roda Drilling Co.*, 552 F.3d at 1208 n.3.

   The court concurs with the City defendants that the plaintiff cannot show the public interest is served by enjoining the City from fulfilling its statutory duty to protect the public from unsafe and dangerous

structures. The plaintiff's allegations and proof to the contrary fall short of the clear and unequivocal standard. What she has presented in argument and as exhibits fails to demonstrate unequivocally that the City's resolution does not serve the public interest embodied in the City's statutory duties it performed. The balance of equities also does not favor the plaintiff in that she has failed to pursue and exhaust her state law remedy of direct judicial review of the City resolution. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman*, 348 F.3d at 1189 (internal quotation marks omitted). The plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 Fed. Appx. 104, 106 (10th Cir. 2007), *cert. denied*, 553 U.S. 1012 (2008). "A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir. 2001) (citation omitted). The court finds it is reasonable from the record to hold the plaintiff responsible for removing any unique personal property from the fire-damaged structure before its destruction and for taking reasonable measures to protect her truffle grove during destruction of the structure. In any event, there is nothing here to suggest that monetary damages would be an inadequate remedy for the taking of property in these circumstances. Finally, for reasons discussed in its prior order denying a

TRO, the plaintiff has not shown a likelihood of success on the merits in its action against the City defendants. This court is not sitting in judicial review of the municipality's proceedings, and the plaintiff has yet to allege a viable constitutional right claim.

The plaintiff's injunction request against the defendant Pierce is a disfavored mandatory injunction that requires the plaintiff "to make a heightened showing of the four factors." *RoDa Drilling Co.*, 552 F.3d at 1209 (citation omitted); see also *Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012) (the movant must show that the factors "weigh heavily and compellingly" in his or her favor). The plaintiff's filings demonstrate she cannot make this heightened showing. The plaintiff's allegations and evidence fail to show clearly and equivocally that the defendant Pierce has modified his land as to cause or increase runoff to her backyard and that the plaintiff cannot protect her truffle grove from this additional runoff without Pierce now changing his own property's topography. "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will **surely result** without their issuance." *Schrier v. University of Co.*, 427 F.3d at 1267 (citation omitted)(emphasis added). "[S]imple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." *Heideman*, 348 F.3d at 1189. There is no evidence that monetary damages would be an inadequate remedy here.

The court summarily denies the plaintiff's request for a preliminary injunction against the defendant Pierce.

**Motions to Dismiss**

Rule 8(a)(2) of the Federal of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To survive a Rule 12(b)(6) motion to dismiss under Rule 12(b)(6), the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* at 679 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A determination of plausibility binds the court into assuming the truth of factual allegations but not legal conclusions. *Id.* at 678. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler*

*v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). Also, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

With respect to the defendant Pierce, the plaintiff's amended complaint and her original complaint are deficient. They do not provide much more than conclusions and labels. They lack factual allegations showing the individual defendants' statements and actions for which they are allegedly liable. The factual allegations that are made lack content as to what happened, when it happened, who did it, and what harm or loss was sustained. The allegations do not support drawing reasonable inferences of liability on claims for trespass, nuisance, or civil conspiracy. The court will grant the plaintiff leave to file a second amended complaint no later than thirty days from this order. The plaintiff shall plead sufficient factual content matching up with the legal elements for trespass, nuisance, (*United Proteins, Inc. v. Farmland Industries, Inc.*, 259 Kan. 725, 915 P.2d 90 (1996)), and/or civil conspiracy (*Stoldt v. City of Toronto*, 234 Kan. 957, 678 P.2d 153 (1984)). If the plaintiff finds she is unable to do so, then she should not pursue such claims in her second amended complaint. The plaintiff shall plead expressly **all** allegations and claims from her original and first-amended complaint and include those additional allegations to cure the pleading deficiencies discussed in this order.

The defendant City argues the court lacks jurisdiction of plaintiff's claim that challenges the City's resolution ordering the removal of the unsafe structure from her property, because the plaintiff did not timely appeal the City Council's decision within thirty-day period of K.S.A. 60-2101(d). The defendant City does not offer proof of the plaintiff's failure to appeal. The plaintiff does not respond to this argument. Nonetheless, the court recognizes the City correctly argues that City Council's proceedings and resolution were actions taken in a quasi-judicial capacity. *Dahl v. City of Shawnee*, 130 P.3d 1247, 2006 WL 851232, at \*11 (Kan. Ct. App. Mar. 31, 2006)(Table). The rule in Kansas is that a plaintiff's failure to comply with K.S.A. § 60-2101(d) by appealing the City Council's resolution to state district court "'prohibits a collateral action by an independent action.'" *Id.*(quoting *Schulze v. Board of Education*, 221 Kan. 351, 355, 559 P.2d 367 (177), superseded by statute on other grounds, *U.S.D. No. 380 v. McMillen*, 252 Kan. 451, 845 P.2d 676 (1993)). Failure "to perfect her appeal in the manner required by statute" leaves a court "without jurisdiction to consider a collateral attack on the . . . [City's quasi-judicial decision] by an independent or original action." *Id. (*quoting *Francis v. Unified School Dist. No. 457*, 19 Kan. App. 2d 476, 481, 671 P.2d 1297, *rev. denied*, 255 Kan. 1001 (1994). Nonetheless, "K.S.A. § 60-2101(d) does not provide the exclusive avenue of relief for" claims under 42 U.S.C. § 1983. *See Vannahmen v. Dodge City Community College*, 2018 WL 6324910, at \*5, \*9.

(D. Kan. Dec. 4, 2018). The court denies dismissal on this ground but without prejudice to its renewal upon proof regarding the state proceedings and upon receipt of the plaintiff's second-amended complaint.

The plaintiff's claims against the City defendants in the amended complaint and the original complaint are also deficient in content. They randomly allege conclusions and labels and lack the factual allegations to show a plausible basis for liability. Pursuant to Fed. R. Civ. P. 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud." "[A] complaint alleging fraud . . . [must] set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir.)(internal quotation marks and citation omitted), *cert. denied*, 531 U.S. 926 (2000). The court gives the plaintiff leave to file a second amended complaint no later than thirty days from this order. The plaintiff shall plead sufficient factual content matching up with the legal elements for any state or federal claim for relief. The plaintiff shall plead expressly **all** allegations and claims from her original and first-amended complaint and include those additional allegations to cure the pleading deficiencies discussed in this order.

IT IS THEREFORE ORDERED that the defendant Matthew Pierce's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (4) and (6), (ECF# 42) and the City defendants' motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(1),(3) and (6) (ECF# 44) are granted insofar as the plaintiff shall have thirty days to file her second-amended complaint and the evidence necessary to establish the amount in controversy or face dismissal of the action, and the motions are otherwise denied but without prejudice to renewed arguments for dismissal after the plaintiff's filings; and

IT IS FURTHER ORDERED that the plaintiff's motion for preliminary injunction (ECF# 46) is denied.

Dated this 7th day of June, 2019, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge