IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

URSULA LENHARDT,

          Plaintiff,

vs.                                                       Case No. 18-4151-SAC-KGG

CITY OF MANKATO, KANSAS, et al.,

          Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiff's twelve-page motion for extension of time to file her second amended complaint. ECF# 55. The court received this motion from the plaintiff on July 6, and it was docketed on July 9 as filed when received. In the meantime, the defendant Matthew Pierce filed a motion to dismiss (ECF# 54) arguing the plaintiff had failed to file her second-amended complaint or motion for extension of time within the time limit set by the court. The court summarily denies the defendant Pierce's motion to dismiss.

In a lengthy order filed June 7, 2019, (ECF# 53), this court addressed the defendants' pending motions to dismiss and the plaintiff's motion for preliminary injunction. The court noted that the defendants had factually attacked the plaintiff's allegations relating to the amount in controversy as insufficient to sustain diversity jurisdiction. The court found that "[t]he plaintiff has not submitted evidence showing her losses exceed $75,000." ECF# 53, p. 8. Nor had the plaintiff alleged sufficient facts to

1

convince the court "that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000). "[T]he defendant's evidence puts in dispute the reasonableness of the plaintiff's claimed losses for the truffle grove." ECF# 53, p. 9. Specifically, the court found inconsistencies and incongruities with the plaintiff's allegations that the mushrooms growing in her backyard were a valuable rare white truffle grove:

> In her original complaint, the plaintiff alleges only one loss ostensibly taking her action over the $75,000 threshold, that is, her white truffle harvest. Specifically, she alleges a "one hundred pound white truffle [crop] a year," and that "the loss of the mushroom harvest this year is about $300,000 (calculated for a bad year)." ECF# 1, p. 4. Despite this allegation of a lucrative truffle harvest from an established grove, the plaintiff asserted in her "petition" against the City's inspection of her property, "Miss Ursula Lenhardt had to repair her property after a fire-damage without receiving the donated money, it got stolen from her—she had to do all the work without any financial funds—it will be highly unfair to expert her to manage all the necessary work without being able to buy certain needed new materials." ECF# 1-2, p. 2. The plaintiff continues to assert her white truffle grove is a viable asset deserving of injunctive relief. ECF# 46, p. 4. Not only are these allegations difficult to reconcile but appear inconsistent on their face. They suggest the plaintiff may be "claiming damages over $75,000 merely to satisfy federal court jurisdictional requirements." *See Sokkia Credit Corp. v. Bush*, 147 F. Supp. 2d 1101, 1104 (D. Kan. 2001). They call into question whether the amount of the claimed loss is "made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."). When the allegations of jurisdictional facts are properly challenged as here, the "plaintiff must support them by competent proof, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936), including amendments or affidavits, if necessary. *Diefenthal . v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982)." *Salazar v. Furr's, Inc.*, 629 F.Supp. 1403, 1407 (D.N.M. 1996). Once the evidence is submitted, this court will decide the jurisdictional issue. *Emland Builders, Inc. v. Shea*, 359 F.2d 927, 929 (10th Cir.

> 1966)("[J]urisdiction cannot be conferred or established by colorable or feigned allegations solely for such purpose. If the amount becomes an issue, as in the case at bar, the trial court must make a determination of the facts.").
>
> At this juncture, the court will require the plaintiff to file a second-amended complaint denominating her damages and to submit evidence about the claimed monetary loss to the plaintiff's herb garden and truffle grove. Preferably, this evidence would be an affidavit that affirmatively shows the affiant has personal knowledge about the plaintiff's herb garden and her white truffle grove and is competent to testify about the monetary value of her herb garden and her organic white truffle grove. This evidence will be considered in determining whether it is not legally certain the amount in controversy here is less than the jurisdictional requirement of $75,000. The plaintiff shall have thirty days to submit her second amended complaint and this evidence. Without such evidence, the court will proceed with dismissing this action for lack of jurisdiction.

ECF# 53, pp. 10-11.

In her latest filing which asks for an extension of time to file her second amended complaint, the plaintiff does proceed with "Exhibits to establish jurisdiction" consisting of a "Witness-Statement for the existence of her rare white truffle grove" and a 2018 online news article concerning the value of truffles either found or raised in Idaho. ECF# 55-1; ECF# 55 Ex. B. The plaintiff's evidence is not competent proof showing the recoverable damages here plausibly and reasonably relate to the $75,000 jurisdictional floor. The unsigned witness statement does not qualify as an affidavit or a declaration made under penalty of perjury. More importantly, the statement fails to show a foundation of personal knowledge for proving the existence of a "rare white truffle grove." The witness statement primarily repeats whatever the plaintiff told her about discovering "a real, rare 'White Truffle

3

Grove'" in the plaintiff's backyard. ECF# 55-1. There is nothing of record showing the plaintiff is knowledgeable and competent to identify what is growing in her backyard as a "rare white truffle grove" having significant monetary value. The only statement by the witness within her personal knowledge is that the plaintiff brought her a truffle claiming it was from her backyard and that the truffle "tasted good." *Id*. This statement does not show the witness has any personal knowledge of the plaintiff's truffle grove or of its monetary value. The plaintiff's other exhibit, the online news article, similarly lacks a foundation establishing its reliability and a connection establishing its relevance to this case. The plaintiff offers no competent proof that a valuable "rare white truffle grove" ever grew in her backyard. In short, the plaintiff has not come forward with any competent proof under the circumstances of this case to show her recoverable damages plausibly and reasonably relate to the $75,000 jurisdictional floor. For this reason, the court finds it lacks diversity jurisdiction over the plaintiff's action.

The plaintiff's motion seeks an extension of time to file her second-amended complaint stating that she wishes "to engage an attorney to step in—as . . . [she feels] overwhelmed." ECF# 55, p. 3. The plaintiff further alleges her health now is impacted by her exposure to the toxic emissions from the July 2018 "go-cart rally" that is the subject of this suit. The plaintiff says she needs an attorney to help with the second-amended complaint because the defendants have attorneys. The plaintiff includes

4

inappropriate and disparaging comments about the defendants' counsel. Finally, the plaintiff refers to the court's denial of her motion for appointment of counsel and says she has "been asking for an appointment of counsel." *Id.* at p. 4.

The plaintiff filed a motion to appoint counsel with her original complaint in December of 2018. ECF# 4. She represented having contacted five area attorneys who refused to take her case. The magistrate judge denied her motion in January of 2019 finding that there were "concerns over the viability of the plaintiff's claims in federal court," that "the factual and legal issues in this case are not unusually complex," and that the plaintiff's lack of legal training by itself did "not warrant appointment of counsel" ECF# 6, pp. 4-5. The plaintiff has no pending motion for appointment of counsel.

In deciding a motion for extension of time, the court looks to Fed. R. Civ. P. 6(b)(1)(A), which states that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." The local rules of this district further provide that all such motions to extend time "must show" whether the other parties have been consulted and their views on this request, what is the current deadline, whether other extensions have been granted, and what is the cause of the requested extension. D. Kan. Rule 6.1(a). The plaintiff's motion fails to show she consulted with the other

5

parties and to offer plain statements complying with the other requirements. Still, district courts are to liberally construe Rule 6(b)(1) "to advance the goal trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) ("A leading treatise similarly suggests that district courts should normally grant extension requests, made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party." (citation omitted)). On the other hand, "'[t]he rule's requirements are quite flexible, and the district judge enjoys broad discretion to grant or deny an extension, but several courts have made it clear that an enlargement of the time period is by no means a matter of right.'" *Eller v. Trans Union, LLC*, 739 F.3d 467, 478 n. 10 (10th Cir. 2013) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2002)), *cert. denied*, 572 U.S. 1101 (2014).

For the following reasons, the court in the exercise of its discretion denies the plaintiff's motion for an extension. First, the plaintiff has not come forward with competent proof overcoming the legal certainty of the defendant's evidence showing the amount in controversy is less than $75,000. The plaintiff's motion fails to offer cause and to explain how she needs an attorney to assist her in proving her backyard has a valuable "rare, white truffle grove." The court has reasonably given the plaintiff repeated opportunities to allege and support all facts necessary for jurisdiction here. Second, the court's prior order provided adequate instruction and detail for

6

the plaintiff to come forward with competent proof on this jurisdictional issue and to file a second-amended complaint. The plaintiff does not show her need at this juncture for an attorney's assistance to allege the necessary facts for her second-amended complaint. It is not enough that the defendants have attorneys and that she wants one too. Third, the plaintiff's strained efforts to blame her health and to feeling "overwhelmed," as well as her disparaging comments directed at the defendants' attorneys, are not what this court regards as adequate cause for an extension. Fourth, there is no showing of diligence on the plaintiff's part in attempting to engage an attorney over the last 30 days. Indeed, the plaintiff openly doubts her ability to find an attorney which calls into question her good faith in requesting an extension on this ground. Fifth, the plaintiff has yet to allege a claim for relief that plausibly falls within this court's limited jurisdiction. The court finds the plaintiff has failed to allege any viable federal law claim for relief as established in this court's order of January 30, 2019, which was withdrawn, but will be reinstated for purposes of this reference. In sum, the plaintiff's failure to comply after repeated chances prevails on this court's discretion to deny any further chances. The motion for an extension of time is denied.

       IT IS THEREFORE ORDERED that the plaintiff's motion for extension of time to file her second-amended complaint (ECF# 55) is denied;

IT IS FURTHER ORDERED that the defendant Matthew Pierce's motion to dismiss (ECF# 54) is denied;

IT IS FURTHER ORDERED that the plaintiff having failed to file a second-amended complaint and the evidence necessary to establish this court's jurisdiction, the plaintiff's action is dismissed without prejudice for lack of subject matter jurisdiction.

Dated this 12th day of July, 2019, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge